UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JOHNSON,

        Petitioner,               Case No. 2:14-cv-221

v.                                    Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

**Factual Allegations**

Petitioner William Johnson presently is incarcerated at the Chippewa Correctional Facility. After a jury trial in the Ingham County Circuit Court in 1994, Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316, and felony-firearm, MICH. COMP. LAWS § 750.227b(a). He currently is serving a term of life without parole and two years' imprisonment, respectively, as a habitual offender, MICH. COMP. LAWS § 769.12.[1] Petitioner previously has been incarcerated. On February 10, 1993, Petitioner pleaded guilty in the Ingham County Circuit Court for attempting to possess less than 25 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(v). The trial court sentenced Petitioner to six months in the Ingham County Jail.

In his habeas application, Petitioner challenges his February 10, 1993 conviction for attempting to possess less than 25 grams of cocaine. The sentence on the 1993 conviction has clearly expired.[2] Petitioner did not appeal his conviction to the Michigan Court of Appeals or the Michigan Supreme Court. On April 12, 2012, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court. On June 29, 2012, the trial court denied Petitioner's motion. Petitioner then appealed the trial court's decision to the Michigan appellate courts. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on April 25, 2013 and October 28, 2013, respectively. Petitioner contends that his 1994 sentences for first-degree

---

[1]The Court notes that Petitioner previously filed an application for habeas corpus relief pertaining to his 1994 conviction. (*See Johnson v. Hofbauer*, No. 2:98-cv-109 (W.D. Mich.)). On July 1, 1998, the court found that the habeas petition was barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d); (*see also Johnson,* No. 2:98-cv-109, Op., docket #9 (W.D. Mich. July 1, 1998)).

[2]*See* Michigan Department of Corrections' Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=235820 (accessed on Nov. 26, 2014).

murder and felony-firearm as a habitual offender were erroneously enhanced by his 1993 drug conviction.

## Discussion

To the extent Petitioner seeks to challenge his 1993 conviction, this Court is without subject matter jurisdiction to grant habeas corpus relief. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The sentence for Petitioner's 1993 conviction has expired. Under *Maleng*, the mere fact that Petitioner may face collateral consequences from the 1993 conviction, such as a sentencing enhancement as a habitual offender for a later conviction, does not render him "in custody" under the 1993 conviction.

At the time *Maleng* was decided, however, the Court reserved the question whether a petitioner who was in custody for a second conviction, the sentence for which was enhanced by a prior expired sentence, could question the legality of the prior sentence in a habeas petition challenging the second conviction. *See Maleng*, 490 U.S. at 492-93); *Young v. Vaughn*, 83 F.3d 72, 74 (3d Cir. 1996); *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990); *Starks v. Straub*, No. 96-1044, 1997 WL 468325, at *2 (6th Cir. 1997). Petitioner's *pro se* application attacks his 1993 conviction as it was used to enhance his 1994 sentence.

In 2001, the Supreme Court squarely decided the question left open in *Maleng*. The Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that petitioner could not challenge under § 2255 a prior state-court conviction used to enhance a subsequent federal sentence)).

In *Lackawanna Cnty. Dist. Attorney*, 532 U.S. at 403-04 and *Daniels*, 532 U.S. at 382, the Supreme Court recognized an exception to the foregoing rule for when a petitioner claims that the underlying conviction was obtained in the absence of counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, (1963). The exception is narrow, and only applies to the unique constitutional defect of a failure to appoint counsel in violation of *Gideon*. *See United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995); *see also Custis v. United States*, 511 U.S. 485, 496 (1994). Petitioner does not argue that he did not have counsel for his 1993 conviction. In fact, he names the attorney, who represented him on the 1993 conviction, in his petition. (*See* Pet., docket #1, Page ID#66).

"A three-justice plurality of the Court . . . speculated that there might be other exceptions to this rule, in situations where the subsequent federal habeas petition is 'the first and only forum available for review of the prior conviction.'" *Abdus–Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005) (quoting *Lackawanna*, 532 U.S. at 405–06). The two exceptions suggested by the

plurality were: "(1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where a defendant subsequently obtains 'compelling evidence that he is actually innocent.'" *Id.* (quoting *Lackawanna*, 532 U.S. at 405). Petitioner filed a motion for relief from judgment in the state court regarding his 1993 conviction and appealed the decision to the Michigan appellate courts. Therefore, his federal habeas petition was not the only forum available for review of his 1993 conviction. *See Abdus–Samad*, 420 F.3d at 630 (citation omitted). Moreover, no clearly established Supreme Court precedent upholds the existence of the exceptions.[3]

Further, even if the two exceptions were clearly established avenues for relief, Petitioner does not satisfy either of the exceptions. Petitioner does not address the first exception in his application for habeas corpus relief. For the actual-innocence exception, Petitioner argues that he is actually innocent of the 1993 conviction because both "the charge and sentence imposed were applied unconstitutionally where the Adult Court failed to properly acquire personam and subject-matter jurisdiction." (Pet., docket #6, Page ID#73.) "If the proper waiver hearing was held, Petitioner would've more likely than not only faced a probation violation pursuant to MCR 5.944 (1995)." (*Id.*) Petitioner's arguments regarding jurisdictional defects in the trial court are not claims of actual innocence. To make out a credible claim of actual innocence, a petitioner is required to support his allegations of federal constitutional error with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not provided

---

[3]The Court notes that the exceptions were not agreed on by a majority of the justices in *Lackwanna* so they do not represent controlling law. *See Jones v. Lafler*, No. 1:08-cv-916, 2013 WL 174945, at *3 (W.D. Mich. Jan. 16, 2013).

the Court with any new reliable evidence and facts showing actual innocence, and, thus, he fails to satisfy an exception to the *Lackawanna* rule. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. at 403-04.

In summary, the Court lacks subject matter jurisdiction to consider Petitioner's challenge to his discharged 1993 conviction, or a challenge to his current sentence as enhanced by the allegedly invalid prior conviction.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: 12/17/2014           /s/ R. Allan Edgar
                            R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE